Claretta Faye BRISTOW, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Robert FAIR, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 14852, 14853.

United States Court of Appeals Sixth Circuit.

Nov. 13, 1962.

Benton H. Jones, Knoxville, Tenn., for appellant Bristow.

Karl D. Saulpaw, Jr., Knoxville, Tenn., for appellant Fair, Asquith, Asquith & Jones, Ambrose, Wilson & Saulpaw, Knoxville, Tenn., on the brief.

David L. Rose, Dept. of Justice, Washington, D. C., for appellee, Joseph D. Guilfoyle, Acting Asst. Atty. Gen., John G. Laughlin, Dept. of Justice, Washington, D. C., John H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief.

Before MILLER and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.

PER CURIAM.

In the District Court Bristow sought to recover damages under the Federal Tort Claims Act for the wrongful death of her husband, and Fair sued for personal injuries which he sustained in the crash of a privately owned airplane which was being flown in an airshow at McGee-Tyson Air Base near Knoxville, Tennessee. The airshow was sponsored jointly by Knoxville Junior Chamber of Commerce and Tennessee Air National Guard.

Fair was a parachute jumper. Arrangements were made for him to make

two jumps at the show for $125.00. The airplane used for this purpose was owned by Dr. Robert Carter and it had a certificate of airworthiness issued under regulations of the Civil Aeronautics Administration. Lieutenant Johnson of the Air National Guard, a licensed commercial pilot, accompanied by Lieutenant Bristow, also of the Air National Guard, was to fly the plane. These Guardsmen were not on active duty in the service of the Federal Government at the time.

The airplane took off slowly on the first flight, but reached proper altitude and Fair parachuted safely to the ground. Just prior to the second take off Dr. Carter decided that he would fly the airplane. Carter and Lieutenant Johnson had a heated discussion apparently over who would pilot the airplane and both got into the plane with Bristow and Fair. The evidence is not clear as to who was piloting it at the time of the accident, but the District Judge was of the view that "the proof indicated rather strongly that Dr. Carter was piloting this plane either singly or in conjunction with Lieutenant Johnson." The airplane faltered when about half way down the runway. It made two other efforts to climb but failed to develop enough power to climb over 100 feet and "mushed along" the runway. When it reached the end of the runway it flipped over, crashed and burst into flames killing all the occupants except Fair who was severely injured. Neither Lieutenant Johnson nor Carter was an employee of the Government or acting for it in piloting the airplane.

It was the theory of the plaintiffs that the airshow was being conducted under the direction, supervision and control of the Government through the Civil Aeronautics Administration whose duty it was to enforce safety regulations; that the Government permitted the use of an old, dilapidated, defective airplane, which was not airworthy, to carry the parachute jumper and the other passengers; that the airplane's true condition could have been ascertained had the Government made a reasonable inspection which it neglected to do; that the airplane crashed because of defects therein. Appellants state that this case is one of first impression.

The trial judge listened to the evidence for nearly three days. He gave credit to testimony which was to the effect that in taking off for the second flight, the propeller of the airplane had been set by the pilot at cruising instead of at climbing position. When the propeller is set at cruising position, the airplane does not develop maximum power and cannot take off and climb. The court found that the crash was caused not through any defect in the airplane, but by "pilot error."

There was substantial evidence to support this finding of fact of the District Court and we do not find it to be clearly erroneous.

The evidence as to the condition of the airplane at the time of the accident was conflicting. The court found that it was in good condition and airworthy. The court also found that the Government did not direct, supervise and control the airshow.

Since the accident was directly caused by pilot error and not by the condition of the airplane, the Government would not be liable irrespective of the condition of the plane and whether a proper inspection had been made. We need not, therefore, pass upon questions relating to the other issues.

The judgment of the District Court is affirmed.