John W. HOFFMAN, Anton Verbiscus, William R. Fischer, Joe Tibus, Duane Braun, George Carlton and Arthur Novotney, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 77–1290.

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1978.

Decided June 26, 1979.

John W. Hoffman, Detroit, Mich., for plaintiffs-appellants.

James K. Robinson, U. S. Atty., L. Michael Wicks, Asst. U. S. Atty., Detroit, Mich., Ronald R. Glancz, Eloise E. Davies, Appellate Section, Jonathan M. Hoffman, John R. Harrison, Civ. Div., Dept. of Justice, Washington, D. C., Morbach, Cheatham & MacArthur, Detroit, Mich., for defendant-appellee.

Before EDWARDS, Chief Judge, WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Plaintiffs brought suit in the United States District Court for the Eastern District of Michigan, Southern Division, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq. (1976), alleging that the United States, through its agents, the Federal Aviation Authority and the Civil Aeronautics Board, negligently issued a license to American Aviation Company and that the negligent issuance of that

license without requiring American Aviation to show that it carried insurance for its passengers was the proximate cause of loss to plaintiffs.

The facts in this case were based principally upon stipulations. These stipulations showed without dispute that plaintiffs' complaints originated in the crash of an aircraft on October 28, 1970; that the aircraft was operated by American Aviation, and that the crash was due to the gross negligence of the pilot in failing to check his gasoline supply and in overloading the plane prior to take-off. Subsequent to the crash it was ascertained that neither American Aviation nor the pilot had insurance which covered the injuries to those who had been injured and damaged by the crash.

After the filing of stipulations and trial of this case, the District Court in the Eastern District of Michigan dismissed plaintiffs' complaint on the ground that the injuries complained of were not proximately caused by the defendant.

Prior to trial the District Judge had heard and denied without prejudice a government motion to dismiss the complaint on the grounds of the exemption in the Federal Tort Claims Act set forth in 28 U.S.C. § 2680(a) and (h) (1976), which would except from liability claims based on discretionary acts or misrepresentation. *Hoffman v. U. S.*, 398 F.Supp. 530 (E.D.Mich. 1977). The government's motion to dismiss had been renewed at the time of trial.

We recognize fully that plaintiffs assert that the "injuries" which they sue for are the monetary losses resulting to them from the government's failure to require American Aviation to carry insurance. However, on the fact pattern involved in this case, we cannot avoid the conclusion of the District Court set forth below. After citing *Bristow v. United States*, 309 F.2d 465 (6th Cir. 1962); *Gibbs v. United States*, 251 F.Supp. 391 (E.D.Tenn.1965), and *Harvey v. United States*, 14 Av. Cases 18,048 (E.D.Pa.1976), the District Judge concluded:

> This Court is convinced that the FAA's failure to demand proper insurance coverage before issuing an ATCO certificate in

the instant case was in no way connected to the cause of the later crash. Factually this case is even further removed from the causation question than the cases discussed above, since there was no failure to inspect for airworthiness but merely a failure to demand insurance coverage. This Court finds that the sole proximate cause of this accident was pilot negligence and therefore declines to consider the complex legal issues involving the Federal Tort Claims Act raised by defendant. The Court finds no cause for action against the United States in the instant case.

We observe that if we were to reach the "complex legal issues involving the Federal Tort Claims Act" referred to above, we would be forced to find that 28 U.S.C. § 2680(a) and (h) (1976) constitute exceptions from federal liability under the Tort Claims Act which also serve to bar plaintiffs' cause of action in this case. *See Dalehite v. United States*, 346 U.S. 15, 41, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

The judgment of the District Court is affirmed.