**FIREMAN'S FUND INSURANCE COMPANY, a California insurance corporation, Subrogee of Chrysler Corporation, and Chrysler Corporation, a Delaware Corporation, Plaintiffs,**

v.

**UNITED STATES of America, Dee Howard Company, a Texas corporation, and Gates Learjet Corporation, a Delaware corporation, jointly and severally, Defendants.**

Civ. A. No. 81–70182.

United States District Court,
E. D. Michigan, S. D.

Dec. 11, 1981.

---

OPINION

GILMORE, District Judge.

This case concerns the crash of a Lear Jet at City Airport in Detroit when the plane ran off the end of the runway. The cause of the accident is alleged to be a negligently designed and/or defective reverse thrust system.

Plaintiffs commenced the instant products liability action, naming the United States as one of the defendants. The Government's liability is predicated upon its alleged negligence in issuing a flight certificate for the aircraft in question.[1]

The Government has filed a motion for judgment on the pleadings on behalf of itself based upon statutory exceptions to liability under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

 It is well settled that, as a sovereign, the United States is immune from suit except as it consents to be sued. *U. S. v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). Under the Federal Tort Claims Act, 28 U.S.C. § 2674, the Government has consented in certain instances to be sued for tort claims, but the Act contains several exceptions in 28 U.S.C. 2680. Defendant relies upon § 2680(a), the discretionary function exception, and § 2680(h), the negligent representation exception, to exempt itself from liability. If either exception applies, the plaintiffs cannot maintain this action against the Government.

Section 2680 provides that the waiver of immunity under the Tort Claims Act does not apply to:

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a

Gemuend & Nagi by Leonard E. Nagi, Detroit, Mich., for plaintiffs.

Leonard R. Gilman, U. S. Atty. by Hayward L. Draper, Asst. U. S. Atty., Detroit, Mich., for defendant U. S.

Alvin A. Rutledge, Detroit, Mich., for defendant Dee Howard Co.

Sullivan, Ranger, Ward & Bone by Richard G. Ward, Detroit, Mich., for defendant Gates Learjet Corp.

1. The Federal Aviation Administration is statutorily empowered to set minimum standards for aircraft, 49 U.S.C. § 1421(a), and aircraft cannot lawfully be put into use without such certification, 49 U.S.C. § 1430(a).

discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

\* \* \* \* \* \*

"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, . . ."

As to the discretionary function exception under § (a), the Government contends that the FAA's regulatory activities setting minimum standards for air safety and enforcing them through a certification process is a type of discretionary activity Congress intended to cover under § 2680(a). As to § 2680(h), defendant states that the plaintiffs' cause of action should be characterized as the tort of negligent misrepresentation.

In short, defendant claims under § 2680(a) that the decision to certify or not to certify is a discretionary act, and, therefore, immune, and under § 2680(h), that plaintiffs' claim is based upon their alleged reliance on the FAA's issuance of a certificate which represented that the thrust reversal system was properly designed and installed in the plane, and that the airplane was airworthy when allegedly it was not.

■ Plaintiffs' response to both these arguments is best elucidated by the operative language of plaintiffs' complaint.[2] At no point do plaintiffs plead reliance or any other aspect of the tort of negligent misrepresentation. Therefore defendant's attempt to characterize plaintiffs' cause of action as one under § 2680(h) of the Statute is not well taken. It is clear that plaintiffs seek to recover for the active negligence of the defendant, which is alleged to have caused the accident, and for defendant's failure to follow its own regulations with regard to the certification of the thrust reverser system on the aircraft in question. Therefore, the § 2680(h) exception is not applicable.

■ With reference to the discretionary function exception under § 2680(a), plaintiffs claim that their cause of action is not premised upon a direct attack on any FAA regulation, nor upon any conduct on the part of the FAA involving policy determinations. Their basic claim is that defendant's conduct in certifying the thrust reverser system was negligent and did not involve the balancing of competing policy considerations or any other conduct commonly identified with the discretionary function exception.

The United States Supreme Court considered the discretionary function exception in *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). That case involved a claim against the United States for damages resulting from an explosion of ammonium nitrate fertilizer, manufactured for it and under its direction, while being loaded for export. Four members of the Court held the actions fell within the discretionary function exception to the Tort Claims Act and three members dissented. Two justices did not participate. The Court said, on page 35 and 36, 73 S.Ct. at 967–68:

"It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordi-

---

**2.** 11. That a further cause of the failure of the thrust reversers to deploy was the negligent certification and testing of the thrust reverser system by the employees of the Federal Aviation Administration.

12. That a further cause of the failure of the thrust reversers and the resulting damages and injuries to the plaintiffs was the negli-

gent failure to warn the users of the thrust reverser system in general and in particular, the plaintiffs herein, of the defective design and of the negligent certification of the thrust reverser system on the aircraft in question by the employees of the Federal Aviation Administration.

nants in carrying out the operations of Government in accordance with official directions cannot be actionable. If it were not so, the protection of § 2680(a) would fail at the time it would be needed, that is, when a subordinate performs or fails to perform a causal step, each action or nonaction being directed by the superior, exercising, perhaps abusing, discretion."

The leading Sixth Circuit case on the exception is *Downs v. United States*, 522 F.2d 990 (6th Cir. 1975). In that case the survivors of two victims of airline highjacking brought suit against the United States under the Federal Tort Claims Act claiming that the chief FBI Agent had been negligent in handling the situation and had thereby caused the death. The District Court rendered a judgment of no cause of action and plaintiffs appealed. The Court of Appeals reversed holding that the Agent's handling of the situation did not fall within the discretionary function exception to the Act, and the finding of the District Court that the Agent, who grossly miscalculated that the highjacker would respond peacefully to the show of force, was not negligent was clearly erroneous.

The Court of Appeals reviewed the legislative history of the Federal Tort Claims Act and the decisions of the Supreme Court of the United States and lower courts in interpreting it. Quoting *Dalehite, (supra)*, the Court pointed out that where there is room for policy judgment and decision there is discretion. It also pointed out that subsequent Supreme Court opinions, such as *Rayonier Inc. v. United States*, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957) and *Indian Towing Company v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955) suggest a more restrictive view of the exception, but without setting forth clear guideposts for decision. The Court said:

"Numerous Circuit and District Courts have struggled to mold the sparse legislative history and the language of *Dalehite* into a precise standard, often seizing upon the planning level—operational level distinction as a ready solution to the problem. (citing cases) Courts taking this approach have regarded discretionary acts of officials at the planning level as within the discretionary function exception and discretionary acts of operational level officials as outside the exception. This distinction is based on the status of the official making a judgment. While offering some general guidance, it is not a sufficient test for determining whether a government employee's actions are within the exception...

"We believe that the basic question concerning the exception is whether the judgments of a Government employee are of 'the nature and quality' which Congress intended to put beyond judicial review.... *Congress intended 'discretionary functions' to encompass those activities which entail the formulation of Governmental policy, whatever the rank of those so engaged.* We agree with a commentator's analysis of the provision: 'It would seem that the justifications for the exception do not necessitate a broader application than to those decisions which are arrived at through an administrator's exercise of a quasi-legislative or quasi-judicial function'." (emphasis added) *Id.* 996 and 997

A more recent Sixth Circuit case dealing with the exception is *Schindler v. United States of America*, 661 F.2d 552, (6th Cir. 1981). There the Court reiterated the holding of *Downs* that the functions of the Federal Government immunized by the discretionary function exception were those involving policy formulation, as distinguished from the day-to-day activities of persons not engaged in determining the general nature of the Government's business.

Another case from the Sixth Circuit is *Hoffman v. U. S.*, 600 F.2d 590 (6th Cir. 1979). That case involved an airplane crash and the allegation that the FAA had negligently issued a license where the carrier, American Aviation, had failed to carry appropriate liability insurance. The Court affirmed the District Court's dismissal of the case, stating:

"This Court is convinced that the FAA's failure to demand proper insurance coverage before issuing an ATCO certificate in the instant case was in no way connected to the cause of the later crash... This Court finds that the sole proximate cause of this accident was pilot negligence and therefore declines to consider the complex legal issues involving the Federal Tort Claims Act..." *Id.* at page 591

Defendant's claim that *Hoffman* held that § 2680(a) and (h) preclude recovery in aircraft certification cases is not well taken. Defendant's claim is based on the following statement, at page 591 of *Hoffman*:

"We observe that if we were to reach the 'complex legal issues involved in the Federal Tort Claims Act' referred to above, we would be forced to find that 28 U.S.C. § 2680(a) and (h) constitute exceptions from Federal liability under the Tort Claims Act, which also served to bar plaintiff's cause of action in this case."

The above quote is obviously dicta, and *Hoffman* is distinguishable on its facts. The Court carefully confined its remarks in decision to the case before it. Therefore *Hoffman* is not authority for the defendant's contention.

Before it can be determined that this case comes within the discretionary function exception, a development of a factual record is necessary. Based upon the pleadings alone, this Court cannot determine whether the defendant was engaged in quasi-policy formation as distinguished from the day-to-day activities of a person not engaged in determining the general nature of the Government's business. That determination must await a full development of the record.

Therefore, for the reasons given, the motion for judgment on the pleadings under § 2680(h) is denied, and the motion for judgment on the pleadings under § 2680(a) is denied without prejudice to raising the issue at the time of trial.

An order in compliance with this opinion may be presented.