[No. A018196. First Dist., Div. One. Jan. 25, 1985.]

KATHY ANN FRANKS et al., Plaintiffs and Appellants, v.
AMELIA REID AVIATION, Defendant and Respondent.

**COUNSEL**

Patrick T. Hall and Kutsko, Moran & Mullin for Plaintiffs and Appellants.

Peter W. McGaw, Jack T. Friedman and Carroll, Burdick & McDonough for Defendant and Respondent.

**OPINION**

**RACANELLI, P. J.**—On November 4, 1977, a small private airplane rented from respondent Amelia Reid Aviation (owner or Reid) crashed killing

the pilot and three nonpaying passengers. It is undisputed that pilot negligence was the proximate cause of the fatal accident. Appellants instituted a wrongful death action against respondent Reid, inter alia, ultimately framed as a single cause of action for negligence per se based upon respondent Reid's alleged noncompliance with the written notice requirement of Public Utilities Code section 24362[1] regarding insurance coverage under the provisions of the Uniform Aircraft Financial Responsibility Act (§ 24230 et seq.). At the conclusion of the hearing on cross-motions for summary judgment and adjudication of issues, the trial court denied appellants' motion for summary judgment, granted respondent's motion for summary adjudication that no liability attached under section 24362 and dismissed the challenged action. This appeal followed.

### DISCUSSION

█ The purpose of the Uniform Aircraft Financial Responsibility Act (hereafter Act) is "to establish minimum standards for aircraft financial responsibility, . . ." (§ 24410.) Minimum liability coverage is required for *third* party, nonpassenger claimants injured or killed as a result of the accident. (§§ 24350, subd. (b) and 24351, subd. (c); *National Ins. Underwriters* v. *Carter* (1976) 17 Cal.3d 380 [131 Cal.Rptr. 42, 551 P.2d 362].) The legislation is designed to provide coverage protection to *ground* victims otherwise unable to foresee or guard against risk of loss or injury due to small aircraft in flight: "Coverage for these innocent victims is statutorily

---

[1]Section 24362 of the Public Utilities Code (to which all further statutory references apply unless otherwise noted) provides in relevant part: "Every person permitting another person to operate an aircraft under the terms of any rental agreement or lease which provides for any remuneration for the use of such aircraft shall deliver either of the following to the person renting the aircraft:

"(a) A written certification that an aircraft liability policy of insurance exists for the operator thereof, specifying the name of the insurance company providing such coverage, the policy number, the expiration date of such policy, the nature and extent of coverage, and a statement that such coverage complies with the financial responsibility laws of California applicable to the operation of an aircraft. . . . [or] (b) A written statement that no insurance coverage exists for the operator of the aircraft. Such statement shall be delivered to the person renting the aircraft prior to entering into any binding rental agreement and shall substantially conform to the following text:

"'NOTICE TO AIRCRAFT OPERATOR

"'You are hereby notified that no insurance coverage is being provided to cover your liability for bodily injury and property damage you may cause as an operator of any aircraft covered by our rental agreement. [¶] 'You are further notified that the Uniform Aircraft Financial Responsibility Act . . . requires that you be able to post security in an amount up to $50,000 because of bodily injury or death to one person in any one accident, up to $100,000 because of bodily injury or death to two or more persons in any one accident, and up to $50,000 in the event of damage to or destruction of property. [¶] 'Failure to furnish sufficient security or failure to furnish evidence of proof of ability to respond in damages as required under Section 24325 and Section 24360 of the Public Utilities Code is a misdemeanor.' . . ."

imposed by Public Utilities Code section 24350, subdivision (b). On the other hand, guests and passengers presumably are aware of the enterprise upon which they embark and are thereby fully capable of protecting themselves. Though they may now sue and recover against the owners for injuries suffered as a result of the negligent operation or maintenance of the aircraft, the Legislature has not elected to require that they be covered under a liability insurance policy." (17 Cal.3d at pp. 388-389.)

Section 24362 simply requires that a pilot or operator of a rental aircraft be notified in writing of the existence (as specified) or nonexistence of liability coverage. Failure to furnish either proof of financial responsibility or sufficient security is punishable as a misdemeanor. (§ 24403.)

■ The sole question on appeal is whether respondent's arguable failure to comply with the statutory notice requirement creates an independent cause of action on behalf of the heirs of the deceased passengers. A straightforward analysis impels a negative response.

At the outset, we consider respondent's threshold contention that the provisions of the Act, including the notice requirement of section 24362, do not apply.

Respondent contends, correctly, that the Legislature—in lucid and unequivocal language—has expressly exempted any person from the purview of the Act where compliance with the minimum requisites of coverage is demonstrated by an appropriately filed certificate of insurance. Aside from accident-reporting requirements, the provisions of the Act do not apply to "[a]ny person who maintains in effect an insurance policy meeting the requirements of Section 24350 and who has filed with the department a certificate of insurance issued by the insurance company which issued such policy; . . ." (§ 24243, subd. (f).)

As appellants concede, the record reflects that respondent obtained and duly filed the required certificate of insurance providing minimum liability coverage. Such uncontroverted fact of compliance removed any duty to fulfill the notice requirements of section 24362.[2] Accordingly, neither that

---

[2]Indeed, the existence of the required coverage to indemnify potential injury claimants on the ground is in full compliance with the legislative purpose discussed in *National Ins. Underwriters* v. *Carter, supra,* 17 Cal.3d 380.

section nor any other substantive provision of the Act could serve as a statutory basis for civil liability. Thus, summary adjudication favorable to respondent on the issue of liability based upon the alleged statutory violation was correct as a matter of law, and the order of dismissal was properly entered.

In view of our determination, it is unnecessary to discuss the remaining arguments raised in the briefs.[3]

Judgment affirmed.

Elkington, J., and Newsom, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 20, 1985.

---

[3]However, we note, parenthetically, our difficulty in attempting to understand the nexus suggested by appellants between the "injury" sustained and the claimed breach of statutory duty of notice. (See Evid. Code, § 669, subd. (a)(2).) The tortuous route of proximate cause charted by appellants literally requires "speculation upon speculation" (*Fireman's Fund Ins. Co.* v. *Superior Court* (1977) 75 Cal.App.3d 627, 633 [142 Cal.Rptr. 249]), an exercise possessing no probative value. The proximate cause of injury was pilot error, a potentially independent theory of liability not at issue herein, rather than the argued statutory violation. (Cf. *Hoffman* v. *United States* (6th Cir. 1979) 600 F.2d 590, cert. den. (1980) 444 U.S. 1073 [62 L.Ed.2d 754, 100 S.Ct. 1017].)